FILED

13 JUN 20 PM 2:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROSS,<br><br>                      Plaintiff,<br>vs.<br><br>US BANK, NA as Trustee for the LXS 2007-7N Trust Fund, a National Association; BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; and DOES 1-10, inclusive,<br><br>                      Defendants. | CASE NO. 12-CV-2640 BEN (JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 8] |

      Presently before the Court is Defendants' Motion to Dismiss. (Docket No. 8.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

      In May 2006, Plaintiff Brian Ross obtained a $1.24 million mortgage loan from Countrywide Home Loans, Inc. ("Countrywide"), secured by a Deed of Trust on real property located at 4528 Santa Cruz Avenue, San Diego, California, 92107

("Property"). (Compl. ¶ 8; RJN, Ex. A, at 2.)[1] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. (RJN, Ex. A, at 2.)

Plaintiff defaulted on the loan. On November 15, 2010, a Notice of Default and Election to Sell was recorded. (*Id.*, Ex. B.) Recontrust Company, N.A. ("Recontrust"), acting as agent for the beneficiary, recorded a Notice of Default on November 15, 2010. (*Id.*)

On November 24, 2010, MERS recorded its Substitution of Trustee and Assignment of Deed of Trust, substituting Recontrust as Trustee, and assigning its beneficial interest under the Deed of Trust to US Bank, as Trustee for the Certificateholders of the LXS 2007-7N Trust Fund. (*Id.*, Ex. C.) A Notice of Trustee's Sale was recorded on February 23, 2011, which lists the unpaid balance at $1,501,133.46. (*Id.*, Ex. D.) A Trustee's Deed Upon Sale was recorded on October 19, 2011. (*Id.*, Ex. E.)

Ross filed an action in California state court on October 24, 2011, naming BAC and Recontrust as defendants. The state court complaint asserted nine claims: (1) breach of covenant of good faith and fair dealing; (2) promissory estoppel; (3) fraudulent misrepresentation; (4) unjust enrichment; (5) civil conspiracy; (6) set aside illegal trustee's sale; (7) quiet title; (8) unfair business practices under Business & Professions Code § 17200 *et seq.*; and (9) wrongful foreclosure. (*Id.*, Ex. F.) Defendants' general demurrer was granted on April 6, 2012 (*id.*, Ex. H), and the state court dismissed each claim without leave to amend on April 16, 2012 (*id.*, Ex. I).

Ross filed the present action on October 31, 2012. The Complaint asserts seven claims against Defendants: (1) declaratory relief under 28 U.S.C. §§ 2201, 2202; (2) negligence; (3) violation of the Helping Families Save Their Homes Act of 2009, 15 U.S.C. § 1641(g); (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; (5) wrongful foreclosure and to set aside trustee's sale; (6) violation of

---

[1] Defendants' Request for Judicial Notice (Docket No. 9) is **GRANTED**. *See* FED. R. EVID. 201(b); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997).

1  15 U.S.C. § 1641(g); and (7) quiet title.

2  Presently before the Court is the Motion to Dismiss filed by US Bank, N.A., as
3  Trustee for the Certificateholders of the LXS 2007-7N Trust Fund, and Bank of
4  America, N.A., on behalf of itself and as successor by merger to BAC Home Loans,
5  LP.

## DISCUSSION

Dismissal for failure to state a claim upon which relief can be granted is appropriate if "a complaint [does not] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion. However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal alteration, citation, and quotation marks omitted). "Ordinarily affirmative defenses may not be raised by motion to dismiss, but this is not true when . . . the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (internal citation omitted).

Defendants move to dismiss all claims on grounds of res judicata and collateral estoppel. "[R]es judicata gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy." *People v. Barragan*, 32 Cal. 4th 236, 252 (2004) (emphasis in original). The res judicata doctrine has two aspects, commonly known as claim preclusion, in which "[the prior judgment] operates as a bar

to the maintenance of a second suit between the same parties on the same cause of action," and collateral estoppel, in which the prior judgment acts as a "conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." *Id.* at 252-53 (internal quotation marks and alterations omitted).

Collateral estoppel applies when "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* at 253. Issues previously litigated in state court pursuant to a state statute, even if subsequently alleged in federal court as a violation of a federal statute or labeled as a different cause of action, are barred by collateral estoppel if the elements are the same. *Hirst v. State of Cal.*, 770 F.2d 776, 778 (9th Cir. 1985).

Here, all the claims are precluded by the doctrine of collateral estoppel. First, each claim in Ross's complaint is either identical to a claim in his state court complaint or is predicated on an issue that was litigated and adjudicated in the state court proceeding. Count one for declaratory relief, count two for negligence, and count four for violation of 15 U.S.C. § 1692 *et seq.*, are each predicated on an argument that was litigated in state court: that Defendants did not have legal authority to foreclose due to a defect in the assignment of Ross's Note and Deed of Trust. (*See* Compl. ¶¶ 18, 25-26, 29, 33, 38, 84-86, 90, 110; RJN, Ex. F [State Court Complaint] ¶¶ 33-34, 36, 74.) The state court held that "Plaintiff's arguments that defendants lacked standing to foreclose . . . based on 'holder in due course' and 'possession of note' arguments have been repeatedly rejected by recent court decisions and they therefore lack merit here." (RJN, Ex. H, at 1.) Further, the issue of whether Ross received notice of the mortgage assignment, which forms the basis of counts three and six for violation of 15 U.S.C. § 1641(g) (Compl. ¶¶ 100-01, 126), was also litigated in state court. In the sixth count

of his state court complaint, Ross alleged that "Defendant . . . never filed a Substitution of Trustee with the County Recorder's office notifying Plaintiff of the change [in Trustee]." (RJN, Ex. F ¶ 75.) Moreover, this argument is merely a variation of the "holder in due course" arguments presented above, which the state court held lacked merit. Finally, count five for wrongful foreclosure and set aside trustee's sale, and count seven for quiet title of the present Complaint are identical to counts six, seven, and nine of Ross's state court complaint for set aside illegal trustee's sale, quiet title, and wrongful foreclosure, respectively, which the state court dismissed without leave to amend. (*See id.*, Exs. F & H.)

Second, the state court's judgment granting the defendants' general demurrer is a final judgment on the merits with preclusive effect on the present action. *See Pollock v. Univ. of S. Cal.*, 112 Cal. App. 4th 1416, 1428 (2d Dist. 2003) ("[A] judgment on a general demurrer will have the effect of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained is equally applicable to the second one.").

Third, the party against whom the doctrine is being asserted, Ross, was a party to the prior state court action. Accordingly, each count is precluded under the doctrine of collateral estoppel. As this issue is dispositive, the parties' remaining arguments will not be addressed.

///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons the Motion to Dismiss is **GRANTED**. Because each claim is barred by the doctrine of collateral estoppel, all claims are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED: June 10, 2013

HON. ROGER. T. BENITEZ
United States District Judge